## SUPERIOR COURT OF BALTIMORE CITY.

Filed September 15, 1915.

R. H. FRAZIER & SON AND MARYLAND CASUALTY COMPANY

VS.

HARRY MARTIN LEAS.

*Walter L. Clark* and *Austin J. Lilly* for the Casualty Company.

*Benjamin L. Freeny* for Harry Martin Leas.

DUFFY, J.—

On appeal the question being whether the case should be heard de novo and oral testimony introduced.

THE COURT: I do not think additional testimony ought to be introduced. In the Public Service Commission Act there is a provision authorizing the taking of additional testimony in Court in a proceeding in which the Court is called upon to review the acts of said Commission. There is no such provision in this statute.

I do not think the Company or the employer should be permitted to offer part of his testimony before the Commission and when he loses his case to

take an appeal from said Commission to Court and there introduce evidence which he could have offered before the Commission. It is not fair to the Commission. Each party ought to introduce before the Commission all the testimony accessible to him.

If the Commission makes an investigation or goes outside of the testimony for the purpose of determining a question, surely the Commission will introduce such matters as they may have found on their investigation into the record on the application of either party. I take it, however, if the Commission should refuse to do that, or if the Commission should refuse to admit testimony offered, that would be an error and good ground for an appeal, and in such a case I think the party adversely affected would be entitled on appeal to introduce the testimony which said party was not able to get into the record on application to the Commission, assuming, of course, that it was found that such testimony was admissible at law.

Therefore, in the absence of the statute authorizing the introduction of additional testimony on appeal before the Court, I shall rule, at any rate so far as the facts of this case are concerned, that no such testimony will be admitted. In other words, the case on appeal will be heard and adjudicated on the testimony produced before the Commission as appears from the record.

Another reason why that practice is sound is that the findings of the Commission are not res adjudicata as the findings of a Court would be in a case instituted in Court. It is true so far as this particular question based on particular facts before the Commission is concerned, it is final, but the fact that you have taken an appeal from the ruling of the Commission and the Court rules adversely to you and affirms the findings of the Commission, does not interfere with your right to raise the same question before the Commission for the purpose of having determined at some future time whether at that future time this man has recovered from the infirmity which was produced by the accident in question.

I shall, therefore, decline to permit any additional testimony to be taken and shall affirm the findings of the Commission.